# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

WILLIE MAYS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV503-044

RICHARD HICKSON; CO II JIMMY
ROBBINS; Sgt. MIKE GRIFFIN;
HARRY RONEY, Warden; EDWINA
JOHNSON, Counselor and MILEANA
RUTH, Officer,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement while he was incarcerated at Ware State Prison in Waycross, Georgia. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response entitled "Brief in Support of Plaintiff [sic] Motion for Summary Judgment". (Doc. No. 62.) Although Plaintiff's pleading was docketed as a Response to Defendants' Motion for Summary Judgment, the undersigned construes Plaintiff's response as his Cross-Motion for Summary Judgment. Defendants have responded to Plaintiff's Motion. (Doc. No. 63.) For the reasons which follow, Defendants' Motion should be **GRANTED**, and Plaintiff's Cross-Motion should be **DENIED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff asserts that he filed a lawsuit against Defendant Griffin, and, as a result, Defendant Griffin used Defendants Hickson and Robbins to retaliate against him. Specifically, Plaintiff asserts that Defendant Hickson assaulted him on three occasions and filed a false disciplinary report in retaliation for Plaintiff filing a lawsuit against Defendant Griffin. Plaintiff also asserts that, although Defendant Robbins was not listed on the disciplinary report, he was involved in the alleged falsification of the report because he was present while Defendant Hickson searched his cell. Plaintiff contends that Defendant Robbins was involved in the filing of the false disciplinary report because Defendant Robbins retaliated against Plaintiff due to the lawsuit he filed against Defendant Griffin. Plaintiff asserts that Defendants Roney, Johnson, and Ruth retaliated against him because he has filed lawsuits and numerous grievances against officials at Ware State Prison. Plaintiff alleges that these Defendants retaliated against him by filing false disciplinary reports and denying him a fair hearing on those disciplinary reports.

Defendants contend that Plaintiff's cell was searched pursuant to Georgia Department of Corrections' policy and legitimate penological concerns. Defendants also contend that a Disciplinary Report was filed against Plaintiff because he violated Georgia Department of Corrections' rules and regulations. Defendants allege that the Disciplinary Report filed against Plaintiff was conducted in accordance with policy and legitimate penological concerns. Defendants aver that the events about which Plaintiff complains were the natural result of Plaintiff's violations of rules and regulations and not the result of retaliatory motives on their part.

2

## **STANDARD OF DETERMINATION**

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all

3

reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed.2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed.2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

4

The Georgia Department of Corrections has a statewide grievance procedure[1] that requires that prisoners file grievances within five (5) business days of the occurrence of any alleged grievable incident. (Defs.' Ex. K, Standard Operating Procedure ["SOP"] IIB05-0001.) A grievance submitted under the procedures set forth in SOP IIB05-0001 is typically returned to the inmate with the Warden's response within thirty (30) days of the filing of the grievance. (See SOP IIB05-0001, VI(D)(6).) However, an inmate is limited to two (2) pending non-emergency grievances at any given time at the institutional level. In the event an inmate "files a grievance when he . . . has pending two (2) other active grievances, it will be logged and held by the Grievance Coordinator until any one grievance previously submitted has been completed at the institutional level." (SOP IIB05-0001, VI(E).) An inmate is permitted to dismiss pending grievances to allow for the resolution of another grievance. (Id.)

Defendants allege that Plaintiff filed a grievance on March 18, 2003, relating to his claim that Defendant Hickson assaulted him by placing the handcuffs on him too tightly. Defendants also allege that Plaintiff filed another grievance on March 28, 2003, relating to his claim that Defendant Hickson filed a false Disciplinary Report against him as retaliation for Plaintiff filing grievances. Defendants further allege that these grievances were processed and the Warden's responses to these grievances were filed on October 15, 2003. (Defs.' Br., pp. 12-13.) Defendants contend that Plaintiff filed the instant cause of action on May 29, 2003, and thus, he did not exhaust his administrative remedies as to these issues prior to the filing of his Complaint. Additionally, Defendants assert that the

---

[1] Disciplinary actions are grieved by procedures established in Georgia Department of Corrections' Rule 125-3-3-.06 and SOP IIB02-0001, which is Defendants' Exhibit "G". (SOP IIB05-0001, VI(B)(2)(b).)

grievance records reveal that Plaintiff never filed grievances against Defendants Robbins, Griffin, Roney, Johnson, or Ruth. (Defs.' Br., p. 13.) Defendants aver that if Plaintiff complains about the apparent delay in Ware State Prison's resolution of his grievances, he should bear in mind that he filed over forty (40) grievances in the first three months of 2003. Because policy dictates that only two non-emergency grievances can be active at any time, Defendants contend that Plaintiff would have experienced a "considerable backlog of inactive grievances." (Defs.' Br., p. 14.) Defendants also contend that Plaintiff chose to ignore the fact that he could dismiss active grievances in order to have other grievances processed.

Plaintiff asserts that he exhausted his administrative remedies regarding the Disciplinary Report which was filed against him. (Pl.'s Br., p. 8.) Plaintiff also asserts that he told the chief counselor to drop all of his grievances because he wanted to pursue his grievance. Plaintiff further asserts that "he filed a grievance[;] the Defendants prevented [him] from filing [his] grievance[;] the Defendants have not answer [sic] my grievance[;] and they still being prejudice and bias [sic]." (Id.) Plaintiff contends that Defendants have prevented him from filing an appeal concerning his grievance and that they have "in some way thwarted his attempt to file an appeal." (Pl.'s Br., p. 10.) Plaintiff alleges that he filed two grievances and an appeal regarding the disciplinary report issued against him. Plaintiff avers that filing this appeal reveals that he exhausted his administrative remedies, as he received a response to this appeal before he amended his Complaint. (Pl.'s Br., p. 13.) Plaintiff also avers that he filed grievances against Defendant Hickson on March 18 and 28, 2003. (Pl.'s Supp. Br., p. 9.)

6

The evidence before the undersigned reveals that Plaintiff filed two grievances against Defendant Hickson in which Plaintiff alleged that Defendant Hickson applied handcuffs on Plaintiff too tightly and that Defendant H ickson claimed that Plaintiff possessed a homemade weapon and heating device. Plaintiff filed these grievances on March 18 and 28, 2003, respectively, and received the Warden's response to both grievances on October 15, 2003. (See Defs.' Ex. L, Aff. of Autumn Herndon.) Plaintiff filed suit against these Defendants on May 29, 2003 (Dkt. Entry No. 1), which is well before he received the Warden's response for either of these grievances. The evidence before the undersigned also reveals that Plaintiff failed to file any grievance against Defendants Griffin, Robbins, Roney, Johnson, or Ruth pertaining to the matters about which he complains in the instant case. (Defs.' Ex. L.) In addition, Plaintiff does not allege that he filed grievances against these five Defendants. Although Plaintiff asserts that Defendants prevented him from filing grievances and appeals and that he informed the chief counselor to dismiss his pending grievances, he offers nothing in support of these bare assertions, contrary to the mandates of FED. R. CIV. P. 56. Moreover, Plaintiff and Defendants agree that Plaintiff filed a tremendous number of grievances[2] while he was incarcerated at Ware State Prison. In accordance with SOP IIB05-0001, Plaintiff was only allowed to have two (2) non-emergency grievances pending at a time, and the number of grievances he admittedly filed would create a tremendous backlog. (Defs.' Ex. K, SOP IIB05-0001, VI(E).) Furthermore, Plaintiff's contention that he exhausted his administrative remedies by filing an appeal concerning the disciplinary report issued against him is without merit.

---

[2] Plaintiff avers that he filed over 200 grievances between December 1, 2002, and October 1, 2003, while he was housed at Ware State Prison. (Pl.'s Br., p. 8.)

7

While it is true that Plaintiff filed an appeal of Disciplinary Report Number 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, the Georgia Department of Corrections did not respond to Plaintiff's appeal until June 9, 2003. (Defs.' Ex. H.) As stated above, Plaintiff filed this cause of action on May 29, 2003. Plaintiff was not permitted to file his cause of action until his available administrative remedies were exhausted. See 42 U.S.C.A. § 1997e(a). Finally, Plaintiff's assertion that he exhausted his administrative remedies appears to be based on his contention that he filed a grievance and appeal concerning the alleged false disciplinary report which was filed against him. (See Pl.'s Br., pp. 8, 10, and 13.) However, it does not appear that Plaintiff filed any grievance pertaining to his claim that the Defendants retaliated against him, which is the basis of his cause of action. In sum, Plaintiff has failed to establish the existence of a genuine issue of material fact as to whether he exhausted his available administrative remedies before the filing of the instant cause of action.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment (Doc. No. 53) be **GRANTED**, and that Plaintiff's complaint be **dismissed**, without prejudice, so that Plaintiff may exhaust his available administrative remedies. It is also my **RECOMMENDATION** that Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 62) be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

MAYS )

vs ) CASE NUMBER CV503-44

HICKSON, ET AL ) DIVISION WAYCROSS

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/1/05, which is part of the official record of this case.

Date of Mailing: 7/1/05

Date of Certificate ☒ same date, or _____

Scott L. Poff, Clerk

By: /s/ Sherry Taylor
Sherry Taylor, Deputy Clerk

**Name and Address**

John Cannon
Willie Mays, 408199, Macon State Prison, P.O. Box 426, Oglethorpe, GA 31068

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate